(35 Misc. Rep. 155.)

### PEOPLE ex rel. WEIL v. HAGAN, Warden of City Prison.

(Supreme Court, Special Term, New York County. May, 1901.)

CONSTITUTIONAL LAW—RAILROAD TICKETS—UNAUTHORIZED SALE.

Laws 1901, c. 639, prohibiting the sale of railroad tickets by one not employed by a railroad company for that purpose, or authorized by them to make such sales, being the same substantially as Laws 1897, c. 506, which latter act was held unconstitutional by the court of appeals, is unconstitutional, and a conviction under the act of 1901 for such a sale cannot be sustained.

Application by the people, on the relation of Charles Weil, for a writ of habeas corpus against James J. Hagan, warden of the city prison. Writ sustained, and relator discharged.

Louis Marshall, for relator.

H. P. Keith, Asst. Dist. Atty., for respondent.

GILDERSLEEVE, J. The relator is charged with having sold a passage ticket over a certain railroad or railroads without any authorization of the railway company or companies, and was arrested and committed to the custody of the warden of the city prison, the defendant herein. This commitment was in virtue of chapter 639 of the Laws of 1901, which prohibits any one not in the employ of the railway company, or duly authorized by such company, from so selling tickets. The court of appeals in the case of People v. Warden of City Prison, 157 N. Y. 116, 51 N. E. 1006, 43 L. R. A. 264, holds as follows:

"Chapter 506 of the Laws of 1897 (Pen. Code, §§ 615, 616), which prohibits, and subjects to punishment as a crime, the selling of tickets for passage on vessels or railroad trains by any person except common carriers and their specially authorized agents, transcends the police power, and violates the constitutional guaranties of civil rights and privileges and of liberty, in so far as it undertakes to prohibit citizens of the state from engaging in the business of brokerage in passage tickets."

It seems to me that for all practical purposes, so far as the facts and questions here involved are concerned, the act under which the relator was arrested is stamped with the same mark of unconstitutionality as the act referred to in the case above cited. The relator was a broker in passage tickets, and, if he could not be molested as such under the act of 1897, I fail to see how he can be punished under the act of 1901 for the same offense. The two acts are largely identical, and, in the respect now under consideration, must be held to be unconstitutional, by virtue of the doctrine laid down by the highest court of this state in the case above cited. While the court at special term will not ordinarily pass upon the constitutionality of an act of the legislature, still it can scarcely be called upon to enforce the provisions of an act which are mani-

festly invalid. The relator will be discharged, upon the ground that the provisions of the act of 1901, under which he was arrested, are unconstitutional, and no crime has therefore been committed. Writ sustained, and relator discharged.